E-FILED
Monday, 14 August, 2006 03:53:29 PM
Clerk, U.S. District Court, ILCD

```
             UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF ILLINOIS

PAULINE McKINLEY-DICK,         )
                               )
            Plaintiff,         )
                               )
       v.                      )    Case No. 05-4045
                               )
JO ANNE B. BARNHART,           )
Commissioner of                )
Social Security                )
                               )
            Defendant.         )
```

## ORDER

Before the Court is Plaintiff's Motion for Summary Judgment [Doc. # 15] and Defendant's Motion for Summary Affirmance [Doc. #13]. For the reasons that follow, Plaintiff's Motion is DENIED and Defendant's Motion is GRANTED.

## Background

McKinley-Dick filed for Supplemental Security Income (SSI) on October 29, 2001, alleging a disability onset date of August 30, 2000. (R. at 17, 460-63.) Her application was denied at both the initial and reconsideration levels. (R. at 465-68, 474-77.) On September 5, 2002, the Social Security Administration received McKinley-Dick's Request for Hearing by Administrative Law Judge ("ALJ"). (R. at 478.) At the hearing, McKinley-Dick amended her disability onset date to October 25, 2001. (R. at 505.) However, ALJ Jean Ingrassia denied McKinley-Dick's application on December 5, 2003. (R. at 14-25.) Shortly after the ALJ's decision, McKinley-Dick filed a Request for Review of Hearing Decision with

the Appeals Council. (R. at 11.) The Appeals Council denied her request for review on April 22, 2005. (R. at 7-10.)

In her Social Security Disability Report, McKinley-Dick listed three medical conditions that affected her ability to work: epilepsy, emotional problems, and nervousness. (R. at 53.) However, at the ALJ Hearing she discussed the following conditions: epilepsy, depression, and fatigue or daily daytime sleepiness. (R. at 508, 509, 511, 512, 514, 516.) Furthermore, during her testimony McKinley-Dick stated that her depression and seizures were under control. (R. at 508-509, 514.) The ALJ found McKinley-Dick's testimony concerning daily daytime sleepiness not fully credible because she did not consistently report her complaints of fatigue to her physicians and her complaints were inconsistent with her daily routine. (R. at 23.) As a result, the ALJ found that McKinley-Dick was able to perform her past work as a seamstress, department store clerk, and waitress. (R. at 25.)

The sole argument asserted by McKinley-Dick before this Court is that this case should be remanded to the Commissioner of Social Security in order for the Commissioner to take additional evidence. The evidence submitted for consideration are letters from neurologist Stephen Rasmus M.D. concerning McKinley-Dick's visits with him. In a letter to Dr. Livermore dated February 10, 2004, Dr. Rasmus noted that McKinley-Dick reported being "very sleepy" for about six or seven years. (Pl.'s Ex. 1 at 2.) Dr. Rasmus sent

2

Dr. Livermore a second letter dated March 25, 2004, in which Dr. Rasmus reported that McKinley-Dick's multiple sleep latency test indicated severe sleepiness and suggested that McKinley-Dick may be suffering from either narcolepsy or idiopathic hypersomnia. (Pl.'s Ex. 1 at 1.)

## Legal Standard

Pursuant to sentence six of 42 U.S.C § 405(g), a District Court may remand a case to the Commissioner of Social Security and order the Commissioner to take additional evidence. In order to merit such a remand, the plaintiff must show that "there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405 (g); see also Johnson v. Apfel, 191 F.3d 770, 776 (7th Cir. 1999).

## Analysis

McKinley-Dick has failed to establish the elements necessary for a sentence six remand. First, she has not shown good cause for failing to incorporate Dr. Rasmus' findings in the administrative proceedings. McKinley-Dick argues that there is good cause for her failure to incorporate the evidence because Dr. Rasmus' report was not available at the time McKinley-Dick initiated her Appeals Council review. In Sears v. Bowen, 840 F.2d 394 (7th Cir. 1988), the court found that there was good cause for failing to incorporate a doctor's report into the record during the

3

administrative proceeding when the report did not exist until after the Appeals Council had denied plaintiff's claim. However, Dr. Rasmus' findings did exist before the Appeals Council issued its decision. In fact, the evidence existed a year before the Appeal Council's denial. There is no good cause for failing to include evidence that was not available to the ALJ but which could have been submitted to the Appeals Council. See Anderson v. Bowen, 868 F.2d 921, 928 (7th Cir. 1989). Furthermore, McKinley-Dick submitted other additional evidence after she initiated her Appeals Council review. (R. at 10.) In addition, this evidence was dated between August 7, 2003 and March 2, 2004 which is within the same time period as Dr. Rasmus' findings. (R. at 10.) This suggests that McKinley-Dick could have submitted Dr. Rasmus' information to the Appeals Council after she formally initiated the action. Therefore, her failure to do so is without good cause. However, even if McKinley-Dick can show that the time period to submit additional evidence to the Appeals Council had passed when Dr. Rasmus' findings became available or that the information was not available to her, she is still, nonetheless, unable to meet the other two criteria required for a remand.

McKinley-Dick's proffered evidence is not new. Evidence is "new" within the meaning of sentence six if the evidence was "not in existence or available to the claimant at the time of the administrative proceeding." Sample v. Shalala, 999 F.2d 1138, 1144

(7th Cir. 1993) (quoting Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990)).  As previously stated, the evidence was in existence prior to the Appeals Council's denial.  Furthermore, the Appeals Council is part of the administrative proceedings.  Although McKinley-Dick argues that the evidence was not available to her before the ALJ made its decision or at the time McKinley-Dick initiated her Appeals Council review, she does not indicate that the evidence was not available to her before the Appeals Council's decision.  Therefore, the evidence is not "new" within the meaning of sentence six.

Furthermore, the evidence at issue is not material.  Evidence is considered "material" if there is a reasonable probability that it would have changed the outcome of the Commissioner's decision. Jens v. Barnhart, 347 F.3d 209, 214 (7th Cir. 2003) (quoting Perkins v. Chater, 107 F.3d 1290, 1296 (7th Cir. 1997)).  In addition, in order to be material the evidence must "relate to the claimant's condition during the relevant time period encompassed by the disability application under review." Johnson, 191 F.3d at 776 (quoting Anderson, 868 F.2d at 927).  In this case, McKinley-Dick has conceded that the relevant time period is between October 25, 2001, the alleged date of onset of disability, and November 6, 2003, the date of the ALJ hearing. [Doc. # 15].  However, Dr. Rasmus' findings do not relate to McKinley-Dick's condition during this time period.  Moreover, the record indicates that McKinley-

5

Dick rarely described sleeping problems to her doctors.  For example, both Drs. Elmendorf and Livermore each only once noted a sleeping problem during their respective visits with McKinley-Dick. (R. at 204, 438.)  Therefore, Dr. Rasmus' letters in February and March of 2004 indicating excessive daytime sleepiness do not relate to McKinley-Dick's condition during the relevant time period.

Moreover, it is not probable that the inclusion of Dr. Rasmus' findings would have altered the ALJ's decision.  Although McKinley-Dick testified about fatigue, the ALJ found that the testimony was not credible.  McKinley-Dick's testimony was not found to be lacking credibility because of the absence of a medical diagnosis but, instead, because it was inconsistent with her daily activities and of what she advised treating physicians.  (R. at 23.) Furthermore, in Dr. Rasmus' letter dated March 25, 2004, he stated, "[s]he did ask that disability forms be filled out because of the severe sleepiness.  Forms were filled out, but the prognosis for treatment I think is fairly good."  (Pl.'s Ex. 1 at 1.)  This further suggests that it is unlikely that the evidence would have changed the ALJ's decision.

For the above stated reasons, the Court finds that the evidence does not met the criteria for a sentence six remand pursuant to 42 U.S.C. § 405(g).

## Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment [Doc. # 15] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Affirm [Doc. # 13] is GRANTED.

CASE TERMINATED.

Entered this  14th  day of August, 2006.

                                             s/Joe B. McDade
                                             JOE BILLY McDADE
                                   United States District Judge